# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Tyron D. Washington, | * | |
| | * | [UNPUBLISHED] |
| Appellant, | * | |

_____

Submitted:   November 12, 2003

Filed:   November 18, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Tyron Washington pleaded guilty to conspiring to distribute 1,000 grams or more of a mixture or substance containing phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At sentencing, the district court[1] granted the government's motion for a downward departure based upon Washington's substantial assistance, and imposed

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

concurrent sentences of 168 months imprisonment and 5 years supervised release on the conspiracy count, and 80 months imprisonment and 3 years supervised release on the firearm count. On appeal, Washington's counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court should have granted a greater downward departure.

In the plea agreement, Washington waived his right to appeal his sentence, with exceptions not applicable here. After carefully reviewing the record, we conclude Washington's challenge to the extent of the departure is within the scope of the waiver, he entered into the plea agreement knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir.) (en banc), <u>cert. denied</u>, No. 03-6608, 2003 WL 22258164 (Nov. 3, 2003). We have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issue not waived by the plea agreement. Accordingly, we enforce Washington's appeal waiver, dismiss this appeal, and grant counsel's motion to withdraw.

_____